Filed 8/25/16  P. v. Boeh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C081028 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF15517) |
| v. | |
| JAMES GERALD BOEH, | |
| Defendant and Appellant. | |

Defendant James Gerald Boeh was charged with infliction of corporal injury on a cohabitant and misdemeanor child endangerment.  The complaint alleged defendant, having previously been convicted of a serious felony, was not eligible to serve any resulting sentence in county jail.

On October 9, 2015, defendant entered a negotiated plea of no contest to both charges in exchange for no immediate state prison and immediate release subject to a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247.  In particular, the parties agreed defendant's violation of the *Cruz* waiver would subject him to a possible

1

maximum sentence of four years six months in state prison. On the other hand, upon defendant's timely appearance for sentencing, the court would make an unusual case finding under California Rules of Court, rule 4.408 and grant defendant probation. The parties stipulated to the following factual basis for the plea, taken from the sheriff's department report: On September 21, 2015, defendant struck his cohabitating girlfriend, B. O., causing bruising on her leg, swelling in her right ankle, and a scratch in the middle of her back. During that altercation, defendant put his hands on B. O. and her seven-year-old daughter, R. C., pushing them both out the door and out of the house.

On November 23, 2015, defendant failed to appear for his sentencing hearing, having been arrested and placed in custody in Sutter County.

At the December 21, 2015, sentencing hearing, the trial court found defendant to be in violation of his *Cruz* waiver, rendering him ineligible for an unusual case finding and a grant of probation. The trial court sentenced defendant to an aggregate term of four years in state prison. The court awarded defendant 93 days of presentence custody credit (47 actual days plus 46 days of conduct credit) and imposed a $1,200 restitution fine, a $1,200 parole revocation fine, stayed pending successful completion of parole, a $40 court operations assessment, and a $30 court facility fee, reserving jurisdiction on the issue of victim restitution.

Defendant filed a timely notice of appeal. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Blease, Acting P. J.

/s/_____
Mauro, J.